**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

**IN THE MATTER OF:**

Joanna F. Shankster

Bankruptcy Case No. 26-01321-jtg
Honorable John T. Gregg
Chapter 7

                    Debtor.

_____/

**TRUSTEE'S MOTION FOR APPROVAL OF**
**SALE/SETTLEMENT AGREEMENT WITH DEBTOR**

Kelly M. Hagan, Trustee, by and through her counsel, Beadle Smith, PLC, and hereby states for Trustee's Motion for Approval of Sale/Settlement Agreement with Debtor ("Motion") as follows:

1.      On April 23, 2026, Joanna F. Shankster ( "Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as Amended, Title 11.

2.      Subsequent to the aforementioned filing, Kelly M. Hagan was appointed the duly qualified and acting Chapter 7 Trustee ("Trustee") in this matter.

3.      The Debtor has an interest in a 2021 Chevrolet Silverado, VIN 3GCPYJEKXMG419899 ("Vehicle").  The Trustee has avoided the lien granted to Innovations Financial Federal Credit Union, ("IFCU") which attached to the Vehicle and secured an obligation having a balance of approximately  $34,629.00 ("Security Interest").

4.      In an effort to satisfy the estate's interest in the Vehicle without the need for the sale of the Vehicle, Trustee and Debtor have agreed to have Debtor pay to the bankruptcy estate the sum of $15,000.00 ("Settlement Amount") within 14 days of the Trustee obtaining bankruptcy court approval of this Sale/Settlement Agreement.  Debtor further agrees that she is not entitled to claim any exemption in the Settlement Amount pursuant to 11 U.S.C. §522 and waives any claim of exemption in the Settlement Amount.  A copy of the Settlement Agreement is attached hereto as Exhibit A.

5.      Upon full and final payment of the Settlement Proceeds,  the Trustee releases any and all claims the bankruptcy estate may have in the Vehicle and shall be deemed abandoned by

the bankruptcy estate.  The Vehicle is being transferred as is where is and subject to all liens and encumbrances.

6.      Rule 9019(a) of the federal Rules of Bankruptcy Procedure provides that upon proper notice, the court may approve a compromise or settlement set forth by the Trustee.  The standards the Court must consider when reviewing and approving settlements are set forth by the United States Supreme Court in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v Anderson*, 390 U.S. 414, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968). Settlements in bankruptcy court must "receive the 'informed, independent judgement' of the bankruptcy court" and the Court must determine if the settlement is "fair and equitable." *Id.* at 424. In discussing the factors the court should look at to determine whether a settlement is fair and equitable, the Supreme Court holds:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to the process in every instance, of course, is the need to compare the terms of the compromise to the likely rewards of litigation. *Id.* at 424- 425.

7.      The Sixth Circuit agrees that the *TMT Trailer Ferry* factors are what the court must look at to determine whether a settlement is fair and equitable. *Reynolds v Commissioner of Internal Revenue*, 861 F.2d 469 (1988).

8.      This Court has adopted the standard set forth *TAJ Graphics Enterprises, L.L.C.,* 162 F.4th 791 (6th Cir. 2025).

9.      A compromise is favored in bankruptcy because they minimize litigation and expedite the administration of the bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 n.2 (3rd Cir.1996).

10.      The Vehicle is estimated to have a value to the bankruptcy estate of approximately $18,000.00.  The Trustee is accepting slightly less than the current estimated value of the Vehicle due to the uncertainty as to the net price received by the bankruptcy estate after conducting an on-

line auction.  This settlement provides avoids the possibility that the bankruptcy estate would receive less than the agreed upon $15,000.00.

11.    To the extent that the settlement with the Debtors is considered a sale of estate property back to the Debtors, the Trustee seek authority pursuant to 11 U.S.C. §363(b) to consummate the Sale/Settlement Agreement.

12.    The Trustee believes that this settlement is reasonable and in the best interest of the estate and creditors.

**WHEREFORE**, the Trustee requests this Honorable Court enter the proposed Order submitted herewith granting the Trustee authority to compromise the turnover of the non-exempt equity in property of the estate by ordering the Debtor to pay the Bankruptcy Estate the sum of $15,000.00 pursuant to the terms of the Sale/Settlement Agreement, authorize the sale back of estate property to the Debtors pursuant to 11 U.S.C. §363(b) and for such other and further relief this Court deems just and proper.

Respectfully submitted,

BEADLE SMITH, PLC


 /S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
P.O. Box 70656
Rochester Hills, MI 48307
(586) 850-1492
Dated: 7/1/26                          Ksmith@bbssplc.com

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)

IN THE MATTER OF:

Joanna F. Shankster

Bankruptcy Case No. 26-01321-jtg
Honorable John T. Gregg
Chapter 7

Debtor.

_____/

## SETTLEMENT/SALE AGREEMENT

Kelly M. Hagan, Chapter 7 Trustee ("Trustee") and Joanna F. Shankster ("Debtor"), individually or through their respective attorneys and individually, agree as follows:

1.    The Trustee is the duly appointed Chapter 7 trustee in this bankruptcy case.

2.    The Debtor has an interest in a 2021 Chevrolet Silverado, VIN 3GCPYJEKXMG419899 ("Vehicle"). The Trustee has avoided the lien granted to Innovations Financial Federal Credit Union, ("IFCU") which attached to the Vehicle and secured an obligation having a balance of approximately $34,629.00 ("Security Interest").

3.    In an effort to satisfy the estate's interest in the Vehicle without the need for the sale of the Vehicle, Trustee and Debtor have agreed to have Debtor pay to the bankruptcy estate the sum of $15,000.00 ("Settlement Amount") within 14 days of the Trustee obtaining bankruptcy court approval of this Sale/Settlement Agreement. Debtor further agrees that she is not entitled to claim any exemption in the Settlement Amount pursuant to 11 U.S.C. §522 and waives any claim of exemption in the Settlement Amount.

4.    The payment of the Settlement Amount as set forth above shall be received by the Trustee at P.O. Box 384, Acme, MI 49610 and made payable to Kelly M. Hagan, Trustee. Failure to make any of the required payments set forth in paragraph 3 above shall constitute a default under this Agreement.

5.    Debtor acknowledges that the Trustee holds, as successor to IFCU, a security interest attaching to the Vehicle. Upon payment in full pursuant to this Settlement Agreement, Trustee shall provide Debtor with a letter releasing the lien. Debtor agrees to maintain full coverage insurance on the Vehicle and name the Trustee as an additional insured and loss payee on the policy.

1

6.    This settlement is in full and final settlement of all claims the Trustee may have in the Vehicle, however, the Vehicle shall remain property of this bankruptcy estate until full payment hereunder.

7.    Upon the full payment of the Settlement Amount, the Vehicle shall be deemed abandoned by the bankruptcy estate pursuant to 11 U.S.C. 554.

8.    This Settlement Agreement is conditioned upon obtaining final Bankruptcy Court approval.

9.    This Settlement Agreement may be executed in counterparts which will have the same force and effect as if a single agreement was executed.  The parties also consent to be bound by signatures reproduced by facsimile or other means.

10.    This Settlement Agreement contains the entire agreement between the parties and may only be modified by written consent between the parties.

Agreed to:

By: /S/ _Joanna Shankster_

Joanna F. Shankster, Debtor
419 W. Elm Street
Mason, MI 48854

Dated: 29 JUN 26

BEADLE SMITH, PLC.

By: /s/ Kevin M. Smith
Kevin M. Smith (P48976)
Attorneys for Trustee
P.O. Box 70656
Rochester Hills, MI 48307
(586) 850-1492
ksmith@bbssplc.com

Dated: 6/17/26

Approved:

Aaron J. Kenyon
Attorneys for Debtor

2

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

**IN THE MATTER OF:**

Joanna F. Shankster

Bankruptcy Case No. 26-01321-jtg
Honorable John T. Gregg
Chapter 7

Debtor.

_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF**
**SALE/SETTLEMENT AGREEMENT WITH DEBTOR**

PRESENT: **HONORABLE JUDGE GREGG**
United States Bankruptcy Judge

This matter having come before this Honorable Court based upon the Trustee's Motion for Approval of Sale/Settlement Agreement with Debtor filed on July 2, 2026 (DN**)("Motion");  no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; the Court being fully advised in the premises; and the court finding and concluding that the Motion satisfies the standard set forth in *In re TAJ Graphics Enterprises, L.L.C.* 162 F.4th 791 (6th Cir. 2025)

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that the Trustee's Motion is granted in its entirety pursuant to  Bankruptcy Rule 9019 and 11 U.S.C. §363(b).

**IT IS HEREBY ORDERED** that the Court retains jurisdiction to enforce the terms of the Sale/Settlement Agreement.

**END OF ORDER**

Prepared by:
Kevin M. Smith (P48976)
Beadle Smith, PLC
P.O. Box 70656
Rochester Hills, MI 48307
(586) 850-1492

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

**IN THE MATTER OF:**

Joanna F. Shankster                                  Bankruptcy Case No. 26-01321-jtg
                                                     Honorable John T. Gregg
                                                     Chapter 7

                             Debtor.

_____/

### NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION FOR APPROVAL OF SALE/SETTLEMENT AGREEMENT WITH DEBTORS

**PLEASE TAKE NOTICE** that the Trustee, Kelly M. Hagan, has filed a Motion for the approval of a Sale/Settlement Agreement with Debtor regarding their interest in non-exempt equity in her Vehicle.

The Trustee's Motion is on file in the offices of the Clerk of United States Bankruptcy Court, Western District of Michigan, One Division Ave., N., Room 200, Grand Rapids, MI 49503, where it may be inspected during the regular Court hours.  Persons seeking further information regarding these matters are invited to make inquiry to Trustee or her counsel.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to grant the relief requested, then not later  21  days of the date of this Notice, you or your attorney must:

1.      File with the Court a written response to the Motion explaining your position, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013 (W.D.M.), at:

        United States Bankruptcy Court, Western District of Michigan
        One Division Ave., N., Room 200
        Grand Rapids, MI 49503

        If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

        You must also mail a copy to:  Kevin M. Smith, Attorney for Trustee [see address below]

        **Please refer to Administrative Order 2004-06 (Mandatory Electronic Filing), effective January 1, 2005, for practices and procedures for filing pleadings with the Court.**

2.      If a written response is filed, the Court will schedule a hearing on the Motion and send you notification of the date, time and place of such hearing.  If no response is filed, a hearing will not be held and the requested relief of the Trustee will be granted.

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the Motion, in which event the relief requested in the Motion will be granted.**

BEADLE SMITH, PLC


 /S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
P.O. Box 70656
Rochester Hills, MI 48307
Date Served:7/2/26                (586) 850-1492
Ksmith@bbssplc.com